*68 OPINION i
Arundell:
On the facts as related the Commissioner charges fraud with intent to evade tax. He bases his charge primarily on the erroneous reduction of sales in the amount of $19,291.27, and also the improper treatment of machinery sales, whereby petitioner took an unauthorized deduction of $5,000. The Southern Commission Co. had a running account with petitioner and payments thereon were being made in due course, with a substantial payment of over $2,000 made on the last day of December 1929. Around the close of the year petitioner’s stockholders, among whom were its officers, met one evening in their office to discuss the petitioner’s general situation and the making of its income tax report. They invited to the conference an accountant, who testified, however, that he was a listener rather than an adviser at the meeting. The account of the Southern Commission Co. was discussed and the accountant was asked if it might be charged off as a bad debt. At the instance of Foster the accountant called up an internal revenue agent to inquire as to the proper method of charging off a bad debt. But neither the revenue agent nor the accountant were advised of the true condition of the Southern Commission Co.’s account, and their advice to petitioner was simply that, if a debt is ascertained to be worthless and is charged off, it constitutes a proper deduction from gross income. With this advice before them the officers of petitioner did not charge off the account as a bad debt, and in fact it is very clear from the evidence that the account was not bad, for not only were payments made thereon regularly as late as December 1929, but the account by the time the return was filed in March 1930 had been further reduced some $9,000. The same end was achieved by petitioner by resorting to the device of reducing the amount of its sales in an amount equal to the debit balance of the Southern Commission Co. account as it stood on the books on the last day of December 1929. Clearly there was no justification for such procedure. In view of the discussions had by the officers of the corporation with reference to this account, and in view of the advice sought not only of their own accountant but of a revenue agent, both of whom had advised that the account could only be charged off if in fact the debt was worthless, we cannot but regard what was done as a deliberate attempt to avoid the tax. The fact that Foster, the principal stockholder and manager, testified that he did not know that such action was taken is not a sufficient answer in the .light of what was done and the facts *69 surrounding the entire transaction. It is also an important consideration that for the following year, when substantial sums were collected on this account, totaling over $15,000, only one payment of $1,050 was ever returned for- tax purposes, despite the advice of both the accountant and the revenue agent that subsequent collections should be reported as income.
The Walton Hosiery Mills transaction did not belong in a report of 1929 income at all. The petitioner was on the accrual basis and the evidence is that the sale of machinery was made in 1928. It appears that there was a $5,000 item on. petitioner’s books which should have been charged to notes payable when that sum was paid to petitioner’s bank and applied against its notes. Failure to make a proper entry at the time and the necessity of a later correcting entry might of course be attributed to faulty bookkeeping. But petitioner did not stop with that. It split the $5,000 into two amounts, one of $4,000 and one of $1,000, and charged both to accounts bearing misnomers. No commission of $4,000 was incurred or paid on the sale and there was no $1,000 tax in connection with it. No attempt was made to explain these improper entries, and the evidence convinces us that they were made and deductions taken with fraudulent intent to evade tax. The imposition of the fraud penalty is accordingly sustained.
What has been said above indicates our view on the claimed bad debt deduction. Payments were received in substantial amounts in December 1929, and more than $9,000 was received in 1930 prior to the filing of petitioner’s 1929 return. Petitioner’s only witness was its secretary-treasurer, Foster, and his testimony establishes that there was no ascertainment of worthlessness. The substance of his testimony is that he and other officers discussed the account after being advised that the debtor was going to discontinue business, and, quoting Foster, “ We did not know whether we would be able to collect it or not. * * * We did not think we would be able to collect it all, that is what we decided.” No facts are given to support even the doubt expressed by Foster, much less to affirmatively establish worthlessness. The bad debt deduction claimed is accordingly disallowed.
We have pointed out above that petitioner’s method of treating the sale of machinery to the Walton Hosiery Mills as a 1929 transaction was erroneous. The net result of the erroneous bookkeeping entries was to overstate commissions and taxes by $5,000 and notes payable by $5,148.05 for 1929. The respondent has restored the $5,148.05 to income for that year. Obviously $5,000 was an erroneous deduction from income and was properly restored to income. The $148.05 item is not so clear, but it appears from the revenue agent’s report in evidence that 1929 income was reduced by that amount and peti *70 tioner has Dot shown why it should not be restored to income. The respondent is sustained on this issue.
The amount of $430.85 which petitioner paid in settlement of royalty claims is an allowable deduction. The payment was not made to obtain the machines nor to secure title thereto, and respondent erred in treating it as a part of machinery cost.
The amount of $186.35 paid for hosiery and distributed to employees as a Christmas bonus is allowable as a deduction for additional compensation. It was originally claimed as part of a larger deduction for contributions and as such was disallowed by the respondent. The evidence satisfactorily establishes the amount of $186.35 paid for the purpose stated and that amount is allowable.
Reviewed by the Board.

Decision will be entered, wider Rule 50.